Judge Robertson
delivered the opinion of the Court.
Porter Clav, as administrator with the will annexed, of Richard Young, deceased, in obediencé to the will, and in pursuance, also, of an act of assembly, passed for that purpose, at his instance and that of the testator’s heirs, sold and conveyed to Thompson, in 1816, a tract of land of the estate of the testator, containing 81 1-2 acres, for the price of $978. Half of this sum has been paid, and Clay assigned to William D. Young, a note on Thompson, for a moiety of the remainder, and obtained judgment on a note for the other moiety, in his own name, as administrator. Young also obtained a judgment on his note.
After the sale apd conveyance to Thompson, Whita-Irer and Wilson sued Clay and Young’s heirs, for a debt due to therp from the testator; in which suit the heirs plead the said tract of land as estate descended to thepn. Judgment being rendered for the plaintiffs, their execution was levied pn the land, and Thompson purchased it at the sale under the execution, for $286 6 1-4 cents, which sum was paid to the plaintiffs and endorsed as a credit on their execution.
To setoff this ‡286 6 1?4 cents, against the judgments of Young and Clay against him, Thompson filed *414 his bill in chancery, against them and the heirs of Richard Young.
Answers of Clay and Young and the infant heirs; adults not belore the court. Bill dismissed.
T. purchased land from C. adm’r. with the will annexed of Y. the heirs of Y. being impleaded, they surrendered this land, as estate descended to satisfy a demand against their ancestor; the land was sold under an execution. T. purchased, and the ex-oution vs. the estate of Y. was credited by the purchase money. C. attempts to coerce the oiiginal price stipulated to be paid by T. without giving hi m' credit for the money paid upon the execution against the estate of Y. deceased T. has a right l° aset off, of tereat.
*414 Clay, W. D. Young and the infant heirs, by their guardian, ad- litem, answered the bill and resisted the set off. The adult heirs are not regularly before the court.
The circuit court dismissed the bill and dissolved the injunction, which had been granted, with costs and damages.
To reverse this decree, this writ of error, with a supersedeas is prosecuted by Thompson.
We have no doubt that Thompson’s bill contained sufficient equity to entitle him to relief. Althoughthe sale of the land by the execution, Was improper, and might have been prevented, still, as Thompson paid for the administrator and heirs, f>286 6 1-4 cents, on an execution against them, they should refund it with interest.. And as he saved the land from a vexatious incumbrance, by making the payment, he may, in' equity, hold against the administrator and heirs, the rights which Whitaker and Wilson held, before the sale. 2 Alkins, 446; 1 Vernon, 37; 2 Vesey, 53; 1 Maddock, 498; Ib. 505, and the authorities there cited ;• 4 Litt’s. Repts. 250, Ellis vs. Browning. As he, therefore, paid the said sum to the use of the administrator and heirs, and to protect the land for which his notes were given, and on an execution levied on the land, as the estate of the heirs, and as it is not alleged that the assignment to W. D, Young was before this purchase, and it is inferable that it was not, Thompson has a right to a setoff against the two judgments on his notes, to the extent of the price paid by him for the land, on execution. This, it would be more just perhaps, for the heirs to adjust. But that is a matter between them and the administrator. Thompson has a right to appeal to the administrator for justice; and having boughttheland from him and executed his notes to him, it is peculiarly proper that he should look to him for his indemnity. He has a right to insist on a credit on his notes for the land.
But the heirs were necessary parties; and hence,as they were not all before the court, the bill might have been dismissed for that cause, without prejudice.
Bill might have been ^‘¡thout prejudice for wantof proPer Parties‘
The record, however, shows that the bill was dismissed on a hearing, on the merits. In this the court erred. If the proper parties bad been before court, the injunction ought to have been perpetuated. As there was a defect of parties, the court departed from the regular and approved practice,in hearing the cause on the merits. The proper course would have been, to enter a nisi rule, that unless, in a given time, the proper parties were made, the suit as to those who were parties, should be dismissed. Chiles vs. Allin’s heirs, 2 Marshall, 351. If the court had thought proper to dismiss for want of proper parties, the dis-mission should not have been absolute as it was, but without prejudice. On any and all of these grounds, therefore, the decree is erroneous. •
But as the court might rightfully have dismissed without prejudice, for want of necessary parties, the question arises, whether in reversing the decree, this court shall direct the inferior court to dismiss without prejudice, or direct it to give leave to make the proper parties; or leave it free, without any instruction, to follow its own discretion ?
This is an important question of practice. The modern practice established by the late judges of this court, has been, (when a bill has been erroneously dismissed absolutely, because the complainant had failed to make the necessary parties,) to reverse the decree and remand the case, with instructions to dismiss without prejudice. And'the reason assigned for it is, that as the court had the right, either to oiler leave to make the proper parties, orto dismiss without prejudice, for not having done so, and as it elected to dismiss, therefore, the appellate court will not control this election, but only correct the error committed, in making the dismission absolute, and instruct the circuit court to enter a decree of dismission without prejudice.
This reason is not perfectly satisfactory to us, and believing that a rule somewhat different from that settled by our predecessors, would be more rational, •and generally more conducive to the ends of justice, we shall venture to establish one for ourselves. This we shall do with the less reluctance, as it is a matter of practice, in which no general or essential principle of law is involved.
When a d fierce is reversed for a defect of parties, the court below, having dismissed the bill “absolutely,” instead of ‘■‘•without prejudice, ” the court and parties should be placed in the attitude in whjch they were, priior to pronouncing the erroneous decree. And the court should have power at their discretion, to give time to éompl’nt. to cause the proper parties to be made or dismiss the bill without prejudice.
When a court dismisses a case absolutely, it generally does so on the merits; and does not exercise its discretion, either to give .time to make parties, or for án omission to do so, or to dismiss without prejudice,' when it does not dismiss for want of parties. And even if a court should dismiss absolutely, for want of parties, it certainly does not in this, make the prescribed election. It does neither of the things which it had the right to do. And, therefore,' because it has not Confined itself within the sphere of election, its decree will be reversed; and this is' the only reason why it may be reversed.
We are unable,.therefore, tó see the force or application of the only reason assigned for the practice which we disapprove, and which we are abput to modify.
When a decree is reversed for a particular errors the cause, when remanded, should stand in the attitude precisely, which it occupied, before the erroneous decree was rendered. The inferior court must then proceed with il as it should have done before the error was committed. It should be allowed to do what it had a right to dó before; that is, to make the specified election. Its decree was reversed only because it did not make that election. For dismissing absolutely was not within its discretion; When the decree is réversed for this error, the causé is opened and the court must make another decree; Should it not then, as a general rule, bé free to make its election,-for not doing which, its decree was reversed? Must this court compel it to dismiss the bill, because it erred in dismissing it absolutely, when it had no other right than that of dismissing without prejudice, Or not dismissing until the complainant, after notice of the necessity of other parties, had failed to make them? It seems to this court, that the natural consequence of reversing a decree, for such an error is, that the inferior court shall’ only be prevented from falling into it again, by instructing it, that when it shall make another decree, if it shall be one of dismission, it shall not be absolute.. And this is all that this court ought to do, without some peculiar motive for doing more. “When-you dismiss,' do it without prejudice ” should be the language, as it is’ *417 the natural result, of a reversal for an erroneous, absolute dismission. And this court should not say to the inferiorjudge, “because you have, without dismissed a bill absolutely, therefore, you shall dismiss it, whether right or wrong, but your dismission must be without prejudice.”
The court 8houlcI ,not dismiss with. if^upon6’ revision, they chose ?° disprejudice,
In nearly all the cases in which the circuit courts have decreed absolute dismissions of bills, they have done so, because they were of the opinion that the equity was for the defendants, and not because the complainants had not brought all the necessary parties before them. And the first notice they had of the defect of parties, was furnished by the reversals of their decrees. If they had perceived the defects before they decreed, perhaps the decrees would not have been made. It is probable that then they would have done, what they always ought to do, when they discover a want of proper parties; that is, notified the Complainant of the defect, and given him time and leave to prepare his cause for a hearing on the merits. It is very difficult for the complainants in chancery suits, to foresee who will be necessary parties. And courts would act more in the spirit of chancellors, if they would never dismiss bills for want of parties, without giving complainants an opportunity to make such parties as the judges shall deem proper parties;
But when a circuit court dismisses a bill fora supposed lack of equity, without detecting any defect of parties, if this court, discovering the omission-, shall direct a dismission without prejudice, the inferior court will be compelled to make a decree which, in all probability, it would not have made, if it had known the defect at the proper time, and which this court would not make, if it had original power to adjust the rights of the parties.
It would be much better to leave the chancellor unrestricted, excepting as to the error for which the case is remanded, and let him dispose of the case according to its exigencies, and the purposes of justice, as he had a right to do' before. Let him be told only, that if he shall again elect to dismiss, he shall do it without' prejudice. Or if the court instruct what to do, let him be instructed to do what, under all the circumstañ *418 ces of the case, it would have done, if placed in his situation, and what it believes that lie oughl, in the hist instance, to have done; and not compel him to persist in one error, barely because he has been corrected in another.
The most vigilant complainants cannot always know who are necessary parties. It is often a perplexing question for this court to determine; and it may, sometimes, be decided incorrectly. And so much delay i& incident to the preparation and trial of chancery causesin this country, that if after a cause is brought to hearing in the inferior court, it shall be reversed here, and a decree dismissing the bill without prejudice, directed, it may frequently happen that intervenient circumstances, of time, or death, or insolvency, may deprive the complainant of all hope of success in another suit, however strong or just his clam may be, in conscience, to relief.-
Wc cannot doubt, therefore, that as a general rule of practice, it would be best, when a decree is revers ed for being an absolute dismission for defect of parties, to leave the court and the parties in possession ot the rights which they had before theerroneous decree was pronounced.
Cases may occur which would render a modification of tins rule reasonable and just. Where the complainant has a clear, equitable right, which it would be impossible, or difficult, or very inconvenient for him to assert successfully in a new suit, and where he has been guilty of no unreasonable negligence or delinquency in preparing his case, it might be proper to direct the inferior court to give him leave to make the necessary parties. And it would be peculiarly so, if' the court dismissed erroneously, for some other cause than a defect of parties.
On the other hand, where a complainant has no-right, or has perversely and for unjust advantage, (as-is sometimes done,) intentionally omitted to make all the proper parties, it would be proper to instruct the circuit court to dismiss his suit without prejudice.
But generally, the cause should be remanded without any other instruction than that, if the chancello^ *419 fi»ti reviewing it, shall choose to dismiss it, he shall do it without prejudice. This may prevent unjust delays and au expensive circuity and multiplication of suits, and will generally accord with and promote the end of all laws, cheap and speedy justice. But the court erred in dismissing this case on the merits, and seems not to have noticed any defect of parties.
Dopvpp reversed, and directions to give limé lor proper parties to ba made.
Petition for a re-heannS*
Denny, Talbot and Sanders, for plaintiff.
As, therefore, the decree must be reversed, the cause is remanded, with instructions to give to the complainant leave to bring all the heirs of Richard Young before the court; and when he shall have done so, to render such decree in his favor, and between the defendants as may be just, and shall accord with this opinion; but to dismiss the bill without prejudice, if the complainant shall fail, or unreasonably delay to make the requisite parties.